[No. B031637. Second Dist., Div. Four. Mar. 1, 1989.]

In re the Marriage of LESLIE M. and ANTHONY CURTIS.
LESLIE M. CURTIS, Respondent, v.
ANTHONY CURTIS, Appellant.

388

## COUNSEL

Bernard Silverman and Ilene Evans Trabolsi for Appellant.

Marks & Brooklier and Donald B. Marks for Respondent.

## OPINION

**McCLOSKY, J.**—Appellant Anthony Curtis appeals from the order requiring him "to pay petitioner [Leslie M. Curtis] . . . one-half of the residuals awarded petitioner pursuant to the interlocutory judgment of dissolution of marriage . . . without offset for the Doubleday & Company, Inc. liability and costs connected therewith."

On January 22, 1982, the trial court rendered an interlocutory judgment dissolving the marriage of Mr. and Mrs. Curtis. As part of that judgment, Mrs. Curtis was awarded as her separate property "one-half (½) of the community property residuals from the writings and/or performances of [Mr. Curtis] from the date of marriage, April 20, 1968 through the date of separation March 4, 1980."

On May 7, 1987, Mrs. Curtis filed an order to show cause to enforce the interlocutory judgment. In support of that order to show cause Mrs. Curtis submitted the declaration of her attorney Donald B. Marks. Mr. Marks chronicled two prior orders to show cause Mrs. Curtis filed to enforce that portion of the interlocutory judgment awarding her one-half of the residuals Mr. Curtis receives for the work he performed during the marriage. Mr. Marks then explained: "Since the last payment of residuals to [Mrs. Curtis] in late 1984, [Mr. Curtis] has continuously refused to make any more payments for the time period 1985 to the present."

In response to Mrs. Curtis's order to show cause, Mr. Curtis submitted the declaration of his counsel Mr. Bernard Silverman. In pertinent part that declaration provided: "During the year 1985, Doubleday received a judgment against respondent for an advance paid to petitioner and respondent in 1977 in connection with a book contract. The book was never published.

The judgment was $50,000 plus interest and costs, which totaled approximately $75,000. The legal fees in connection with the litigation totaled in excess of $100,000.

". . . . . . . . . . . . . . . . . . . .

"In a letter of July 23, 1987 . . . [to Mrs. Curtis's counsel] I stated that [Mrs. Curtis] had not paid one-half of the liabilities incurred with the Doubleday lawsuit. [Mr. Curtis's] one-half share of those liabilities amounts to $87,500. A schedule was enclosed with the letter . . . which set forth the total amount of community residuals received from January 1, 1985 to June 1, 1987. These total $72,775. [Mr. Curtis's] one-half share equals $36,388. Since [Mrs. Curtis's] one-half share of the liabilities connected with the Doubleday lawsuit exceeds [her] share of the community residuals received from writings and/or performances, *no* money is owed her. In fact, [Mrs. Curtis] owes [Mr. Curtis] the sum of $51,112 ($87,500-$36,388)."

Upon taking the matter under submission the trial court ruled: "[Mr. Curtis] is ordered to pay [Mrs. Curtis] forthwith one-half the residuals awarded to petitioner pursuant to the Interlocutory Judgment dated January 22, 1982, paragraph 5(e) without offset for the Doubleday and Company, Inc. liability." This appeal follows.

## DISCUSSION

■ Mr. Curtis first contends that pursuant to Civil Code section 4800 (hereafter section 4800) "the court must divide the community estate of the parties equally." While this is a correct statement of the law, it has no application to the present case. Section 4800, subdivision (a) provides in pertinent part: "Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, or as otherwise provided in this section, the court shall, either in its judgment of dissolution of the marriage, in its judgment decreeing the legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide the community estate of the parties equally." In the present case, the trial court purported to equally divide the parties' community estate in the interlocutory judgment of dissolution.

■ As the court explained in *Mueller* v. *Walker* (1985) 167 Cal.App.3d 600, 605-606 [213 Cal.Rptr. 442]: "It is true as a general principle of law after the trial court has divided the property, and the judgment has become final, the court loses jurisdiction to modify or alter the division made. [Citation.] An exception to this general rule, however, arises in cases where the court expressly reserves jurisdiction to modify a property award."

 Contrary to Mr. Curtis's suggestion at oral argument, the provision in the interlocutory judgment that "jurisdiction is reserved to make such other and further orders as may be necessary to carry out the provisions of this judgment" did not empower the court to amend that judgment to include a debt for which no provision was previously made. That reservation relates solely to the enforcement of provisions already existing in the interlocutory judgment. Mr. Curtis's reliance on *In re Marriage of Worth* (1987) 195 Cal.App.3d 768, 776-777 [241 Cal.Rptr. 135], to the contrary is misplaced. There, the court held that a reservation identical to that in the case at bench entitled the court to award wife her community share of a copyright lawsuit instituted by the husband because it "was obviously intended to carry out the provisions of . . . the interlocutory decree providing for equal division of royalties." (*Ibid.*) Here, as distinct from *Worth,* Mr. Curtis's breach of contract debt to Doubleday is *not* related to any provision in the interlocutory decree.

Since the trial court did not expressly reserve jurisdiction to alter its division of community property, the property division contained in the interlocutory judgment became final. The trial court was, therefore, without jurisdiction under section 4800 to alter the property division to take into account Mr. Curtis's debt to Doubleday.

 Mr. Curtis next contends that "as a matter of law, [he] has the right to reimbursement." To support this contention, Mr. Curtis relies on a variety of sections contained in title 8, chapter 3 of the Civil Code entitled "Liability of Marital Property" commencing with section 5120.010. As we now explain, since any claim for reimbursement Mr. Curtis has under those sections is time barred, we need not, and therefore do not, determine the applicability of any of those sections to the present case.

Section 5120.210 provides in pertinent part that "[a] right of reimbursement provided by this chapter is subject to the following provisions: [¶] (c) The right shall be exercised not later than the earlier of the following times: [¶] (1) Within three years after the spouse in whose favor the right arises has actual knowledge of the application of the property to the satisfaction of the debt. [¶] (2) In proceedings for division of community . . . property pursuant to section 4800 . . . ."

In the present case, the proceedings for division of the community property pursuant to section 4800 culminated in an interlocutory judgment which was filed on January 27, 1982. Civil Code section 5120.210 was enacted in 1984 and became effective on January 1, 1985. Since the interlocutory judgment was rendered prior to the effective date of that section, Mr. Curtis had until a date "within one year after the operative date" of section

5120.210 to make any claim for reimbursement. (Civil Code, § 5120.330.) Accordingly, Mr. Curtis had until January 1, 1986, to make his reimbursement claim for the Doubleday liability. Having failed to do so, he cannot now assert his reimbursement claim as an offset to the amount he owes Mrs. Curtis under the interlocutory judgment.

■ Finally, Mr. Curtis contends that "there is no evidence to support the trial court's order." Mr. Curtis urges that the absence of any express mention of his debt to Doubleday in the interlocutory judgment is insignificant in view of the fact it was contemplated that Mrs. Curtis would share in one-half the liabilities, as well as reap one-half the rewards of Mr. Curtis's writings and performances during the parties' marriage. We disagree.

The interlocutory judgment expressly awards Mrs. Curtis "one-half (½) of the community property residuals from the writings and/or performances of [Mr. Curtis] from the date of marriage . . . through the date of separation . . . ." On the other hand, that judgment provides that "[e]ach of the parties hereto warrants to the other that he or she has not incurred any liability or obligation on which the other is or may be liable except as specified herein, and it is ordered that each of the parties hereto shall indemnify and hold harmless the other party from and against any such liability or obligation heretofore incurred."

Thus, the interlocutory judgment expressly awards Mrs. Curtis a one-half share in *any* residuals whether they are expressly mentioned or not while it exonerates her from any liabilities for debts incurred by Mr. Curtis which were not specified in the judgment. Accordingly, the absence of any reference to Mr. Curtis's debt to Doubleday in the interlocutory judgment is fatal to his claim for reimbursement.

The order is affirmed. Respondent Mrs. Curtis shall recover costs on appeal.

Woods (A. M.), P. J., and Goertzen, J., concurred.